8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leobardo SANCHEZ, Defendant-Appellant.
 No. 92-10357.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1993.*
Decided Oct. 5, 1993.
 
 1
 Before: POOLE and FERNANDEZ, Circuit Judges, and KELLEHER, Senior District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Leobardo Sanchez appeals his jury conviction for distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Sanchez claims that he established an entrapment defense as a matter of law and was, therefore, entitled to an acquittal. We affirm.
 
 
 4
 Because entrapment is generally a jury question, "[t]o establish entrapment as a matter of law, the defendant must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986). "A defense of entrapment has two elements: government inducement of the crime and the absence of predisposition on the part of the defendant." United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). "Where the Government has induced an individual to break the law ..., the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." Jacobson v. United States --- U.S. ----, ----, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992).
 
 
 5
 Sanchez presented evidence that a government agent coerced him into taking part in the November 7, 1991, drug transaction for which he was convicted. However, the government presented evidence that Sanchez himself instigated that transaction. Thus, it is far from clear that the government induced the transaction at all. If it did, the question is whether the government presented sufficient evidence so that the jury could have found beyond a reasonable doubt that Sanchez was predisposed to commit the offense. There are five factors relevant to the predisposition determination: "(1) the character of the defendant, (2) who first suggested the criminal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant demonstrated reluctance, and (5) the nature of the government's inducement." Skarie, 971 F.2d at 320. The most important factor is the fourth. Id. Of course, the evidence is viewed in the light most favorable to the government. Id. The evidence on each of these points is controverted and turns largely on considerations of the credibility of the witnesses. The jury could have reasonably found in favor of the government on each of them.
 
 
 6
 As the record does not make it "patently clear" that the government induced the transaction or that Sanchez was not predisposed to commit the crime, "the issue was one for the jury to decide after weighing the testimony and credibility of the witnesses." Smith, 802 F.2d at 1125.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3